## RICHARDSON v. WALTON et al.

### (Circuit Court of Appeals, Third Circuit. April 27, 1894.)

#### No. 15.

APPEAL—ASSIGNMENT OF ERROR.

Where error is alleged in the findings of fact embodied in a decree of a lower court, the assignment, to be entitled to consideration in the appellate court, should specifically and plainly point out the particular error alleged. Bank v. Rogers, 3 C. C. A. 666, 53 Fed. 776, followed.

Appeal from the Circuit Court of the United States for the District of Delaware.

This was a suit by Charles Richardson against Ephraim T. Walton and Francis N. Buck, former copartners, wherein the bill of complaint prayed that the articles of dissolution be declared to have been procured by fraud and duress, and that the same be reformed in accordance with the real value of the firm's assets at the time of said dissolution. The case is fully reported in 49 Fed. 888. The complainant now appeals from the decree of the circuit court.

S. S. Hollingsworth, Henry N. Paul, Jr., and Anthony Higgins, for appellant.

Benj. Nields and George Gray, for appellees.

Before DALLAS, Circuit Judge, and BUTLER and GREEN, District Judges.

DALLAS, Circuit Judge. The parties to this suit had been partners for a number of years, when negotiations to dissolve that relation were entered upon, which on July 13, 1885, resulted in the execution of articles of dissolution, by which the plaintiff sold to the defendants all his interest in the partnership business and property, except certain claims and accounts, at a price and upon terms therein set forth. On October 12, 1888, the plaintiff filed his bill to have these articles of dissolution declared to have been procured by fraud and duress, and for reformation thereof "in accordance with

the real value of the firm's assets at the time of the dissolution," which the complainant alleged was much greater than the value which had been placed upon them when the agreement was made.

There is no ground upon which the charge of duress can be supported. The principal question is, did the defendants perpetrate a fraud upon the plaintiff, by which he was led to enter into the contract in question? The allegation of the plaintiff is that the contract was in part based upon an estimate of the profits of the firm for the then current year, which estimate was accepted by the plaintiff under the belief that the defendants had no knowledge of the exact amount of those profits, whereas they were then fully and accurately informed of their amount, but designedly concealed their knowledge, and the fact that they were possessed of it, from the plaintiff, who, in consequence, agreed to accept, with respect to said profits, a sum much less than their true amount. The defendants admit that in the negotiations which led up to the contract the profits referred to were considered, and that they were involved in the agreement which was embodied in that instrument; but they assert that the estimation of their amount, which, after considerable discussion, was acquiesced in by both parties, was arrived at in good faith upon their part, and they positively deny that they then had any information upon the subject which they withheld from the plaintiff. The learned counsel for the appellant ask us to independently consider this question of fact, because, as they suggest, the circuit court made no finding upon it; but this suggestion is incorrect. That court, with reference to this matter, said:

"The burden of proof is upon the plaintiff. The bill charges fraud, and a reformation of the articles of dissolution is sought. To entitle the plaintiff to relief, the proof should be free from all doubts, and convincing; but they do not appear so to be, to us. Taking the proofs as a whole, this much can be safely said: That the evidence is not so clear and satisfactory as to justify a decree sustaining the charge."

Both as to law and fact, we concur in this statement. That the burden was upon the complainant to establish the fraud which he alleged, by clear and satisfactory proof, is unquestionable; and that he failed to do so, our examination of the record has entirely satisfied us. But, if this question of fact had been a doubtful one, this court would not have been disposed to review the finding of the court below with respect to it, in the absence of any assignment specifically pointing out, and indicating with particularity, the precise error alleged and relied upon. Bank v. Rogers, 3 C. C. A. 670, 53 Fed. 776.

What has been said is conclusive, and therefore it is not necessary to consider any other of the points which are dealt with in the opinion of the court below. The decree is affirmed, with costs.

---

(April 30, 1894.)

PER CURIAM. Since the foregoing was written, attention has been directed to the circumstance that the statement quoted from

the opinion of the court below was not embodied in its decree. Consequently, what has been said as to the absence of a specific assignment of error is inapplicable. This, however, does not affect the judgment heretofore announced, inasmuch as this court did, for itself, examine the question of fact referred to.